**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

TINA and ROBERT DELLABELLA,            )
                                       )
                Plaintiffs,          )
                                       )
     vs.                               )    Civil Action No. 1:15-cv-10453-RWZ
                                       )
PAYPAL, INC.; and DOES 1-10, inclusive,)
                                       )    Jury Trial Demanded on
                                       )    <u>All Counts So Triable</u>
                                       )
                Defendants.         )
_____

### <u>DEFENDANT PAYPAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND</u>

Defendant PayPal, Inc. ("PayPal") hereby responds to the numbered paragraphs of the Complaint of Plaintiffs Tina and Robert Dellabella as follows. All allegations not specifically admitted herein are denied.

### <u>JURISDICTION</u>

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent that a response is required, PayPal denies the allegations in this paragraph.

2. Paragraph 2 states a legal conclusion to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required. To the extent that a response is required, PayPal admits only that it transacts business in this District.

### <u>PARTIES</u>

4. PayPal lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 4, and therefore denies them. Further answering

Paragraph 4 of the Complaint, PayPal states that the remaining allegations state legal conclusions to which no response is required.

5. PayPal admits only that it is a Delaware corporation headquartered in California. Further answering Paragraph 5 of the Complaint, PayPal denies that PayPal has an address of 2065 Hamilton Avenue, San Jose, California 95125 and PayPal states that the remaining allegations state legal conclusions to which no response is required.

## **FACTS**

6. PayPal admits only that, beginning in June 2014, it placed calls to a telephone number with area code 508 and ending in 8239 regarding a negative PayPal account balance. Further answering Paragraph 6 of the Complaint, PayPal denies the remaining allegations in Paragraph 6.

7. PayPal denies the allegations in Paragraph 7.

8. PayPal admits only that it placed calls to a telephone number with area code 508 and ending in 8239. Further answering Paragraph 8 of the Complaint, PayPal denies the remaining allegations in Paragraph 8.

9. PayPal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies them.

10. The allegations in Paragraph 10 are vague and ambiguous, including on the ground that Plaintiffs do not specify the cellular telephone number at issue, and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations. Further answering Paragraph 10 of the Complaint, PayPal admits only that it placed calls to a telephone number with area code 508 and ending in 8239. Further answering Paragraph 10 of the Complaint, PayPal denies the remaining allegations in Paragraph 10.

11. PayPal denies the allegations in Paragraph 11.

12. PayPal denies that excessive calls were placed to Plaintiffs' cellular phones. Further answering Paragraph 12 of the Complaint, PayPal lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies them.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.[1]

13. PayPal incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

14. The allegations in Paragraph 14 are vague and ambiguous, including on the ground that Plaintiffs do not specify the cellular telephone number at issue, and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations. Further answering Paragraph 14 of the Complaint, PayPal admits only that it placed calls to a telephone number with area code 508 and ending in 8239. Further answering Paragraph 14 of the Complaint, PayPal denies the remaining allegations in Paragraph 14.

15. Paragraph 15 purports to quote from a 2003 Telephone Consumer Protection Act ("TCPA") Order, which speaks for itself, and PayPal respectfully refers thereto for the content thereof. Further answering Paragraph 15 of the Complaint, PayPal denies the remaining allegations in Paragraph 15.

---

[1] The headings used here are those set forth in Plaintiffs' Complaint. PayPal's repetition of these headings in its Answer does not constitute an admission or adoption by PayPal as to any allegation or contention contained within any heading.

16. The allegation in Paragraph 16 that "Defendants' telephone systems have some earmarks of a Predictive Dialer" is vague and ambiguous, and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations.

17. PayPal lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them.

18. The allegations in Paragraph 18 are vague and ambiguous, including on the ground that Plaintiffs do not specify what is meant by "Defendants' Predictive Dialers" and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations.

19. The allegations in Paragraph 19 are vague and ambiguous, including on the ground that Plaintiffs do not specify the cellular telephone number at issue, and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations. Further answering Paragraph 19 of the Complaint, PayPal admits only that it placed calls to a telephone number with area code 508 and ending in 8239. Further answering Paragraph 19 of the Complaint, PayPal denies the remaining allegations in Paragraph 19.

20. PayPal denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are vague and ambiguous, including on the ground that Plaintiffs do not specify the cellular telephone number or particular calls at issue, and accordingly PayPal can neither admit nor deny, and, on that basis, denies the allegations.

22. PayPal denies the allegations in Paragraph 22.

23. PayPal denies the allegations in Paragraph 23.

**COUNT II**
**VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L. c. 93A § 2, et seq.**

24.     PayPal incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

25.     PayPal denies the allegations in Paragraph 25.

26.     PayPal denies the allegations in Paragraph 26.

27.     PayPal denies the allegations in Paragraph 27.

**PRAYER FOR RELIEF**

28.     Answering Paragraphs 1-4 of the Prayer For Relief in the Complaint, PayPal admits only that Plaintiffs seek such relief, but denies Plaintiffs are entitled to any such relief.

**AFFIRMATIVE DEFENSES**

Having fully answered the Complaint, PayPal asserts the following affirmative defenses:

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiffs' claims should be dismissed because they are subject to arbitration under the parties' contract.

**Third Affirmative Defense**

The imposition of statutory damages under the TCPA against PayPal would violate the due process provisions of the United States Constitution and/or the Massachusetts State Constitution.

### **Fourth Affirmative Defense**

The award of statutory penalties against PayPal would violate the prohibition against excessive fines of the United States Constitution.

### **Fifth Affirmative Defense**

PayPal's good-faith reliance on its objectively reasonable interpretation of the TCPA precludes a finding of willfulness.

### **Sixth Affirmative Defense**

Plaintiffs are barred, in whole or in part, from maintaining their alleged causes of action because by providing their cell phone numbers to PayPal, Plaintiffs expressly consented to receive calls of the type they allege that PayPal placed to them.

### **Seventh Affirmative Defense**

Plaintiffs' claim pursuant to Mass. Gen. Laws Ch. 93A should be dismissed because Plaintiffs failed to mail or deliver a written demand for relief to PayPal within thirty days prior to the filing of the Complaint.

### **Eighth Affirmative Defense**

Plaintiffs' claim pursuant to Mass. Gen. Laws Ch. 93A fails because PayPal has not engaged in or employed unfair or deceptive acts or practices in the conduct of any trade or commerce.

### **Ninth Affirmative Defense**

Plaintiffs' claims are barred by the doctrines of waiver, estoppels and laches.

### **Tenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands.

## **RESERVATION OF DEFENSES**

PayPal reserves the right to amend these affirmative defenses and allege additional defenses as appropriate.

## **DEMAND FOR JURY TRIAL**

Defendant demands a trial by jury on those causes of action and issues so triable.

WHEREFORE, Defendant requests that this Court:

1. Enter judgment for PayPal and against the Plaintiffs on all counts of the Complaint;

2. Award PayPal its attorneys' fees and costs in defending this action; and

3. Award PayPal such other and further relief as may be just and appropriate.

Respectfully submitted,

*s/ Corey D. Winer*
Corey D. Winer (BBO #678410)
SIDLEY AUSTIN LLP
60 State Street, 34th Floor
Boston, Massachusetts 02109
Ph: (617) 223-0352
Fax: (617) 223-0301
cwiner@sidley.com

*Attorney for Defendant PayPal, Inc.*

Dated: August 18, 2015

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this day, August 18, 2015, I electronically filed the above Answer to Plaintiffs' Complaint using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

              *s/ Corey D. Winer*
              Corey D. Winer