# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

───────────────────────────────

TINA and ROBERT DELLABELLA,     )
     )
        Plaintiffs,     )
     )
     vs.     )     Civil Action No. 1:15-cv-10453-RWZ
     )
PAYPAL, INC.; and DOES 1-10, inclusive,     )
     )
        Defendants.     )

───────────────────────────────

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION
## FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

Defendant PayPal, Inc. ("PayPal"), by and through its attorney, hereby submits this opposition to Plaintiffs Tina and Robert Dellabella's motion for an extension of time to respond to PayPal's discovery requests, through January 13, 2016.  In support of this opposition, PayPal has filed the accompanying Declaration of Corey D. Winer (the "Winer Decl.").

## BACKGROUND

On February 19, 2015, Plaintiffs filed their Complaint against PayPal alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA"), and the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq*., arising out of "over five-hundred calls" allegedly made by PayPal to Plaintiffs without consent.  (*See generally Compl*., Dkt. No. 1 (Feb. 19, 2015)).  The Complaint contains numerous vague and conclusory allegations, and fails to identify with particularity the telephone numbers that PayPal allegedly called.  (*See, e.g.*, Compl., Dkt. No. 1, at ¶ 7 (alleging that PayPal "placed calls to Robert's cellular telephone number at the excessive rate of up to forty calls per week," but failing to identify the telephone number allegedly called)).  Plaintiffs served PayPal with the Complaint on March 9, 2015.  On August 18, 2015, PayPal answered the Complaint, denying that it violated

either the TCPA or the Massachusetts Consumer Protection Act, and advancing numerous affirmative defenses, including that Plaintiffs "expressly consented to receive calls" from PayPal.[1] (*See generally* Answer, Dkt. No. 16 (Aug. 18, 2015)).

On September 16, 2015, counsel for both parties attended a Rule 16 Conference with the Court, during which PayPal's counsel explained to the Court that the parties were still waiting to receive telephone records that the Plaintiffs had subpoenaed from their telephone service providers. The purpose behind seeking the telephone records was to determine whether there was a factual basis to support the allegations advanced by Plaintiffs in their Complaint.[2] After hearing from both parties, the Court subsequently entered an electronic order requiring fact discovery to be completed by January 29, 2016 (Dkt. 23).

On September 21, 2015 and October 2, 2015, Plaintiffs' counsel finally provided PayPal's counsel with telephone records from Plaintiffs' telephone service providers.[3] *See* Winer Decl., ¶5. Despite the fact that the subpoenaed telephone records do not show "over five-hundred calls" by PayPal to Plaintiffs (as alleged in the Complaint) (*see id.*), Plaintiffs declined to dismiss their lawsuit.

---

[1] PayPal's filing of several assented-to motions to extend the deadline to respond to the Complaint is wholly unrelated to Plaintiffs' present motion. The assented-to motions filed in April 2015 and May 2015 were filed in part, to allow the parties to confer further to determine whether a resolution of the action might be possible. *See* Winer Decl., ¶ 2. The assented-to motion filed in June 2015 was filed to obtain clarity on the facts of the dispute and afford *Plaintiffs* the opportunity to subpoena and review records from their telephone service providers in order to determine whether there was a factual basis to support the allegations in the Complaint. *Id.* Ultimately, Plaintiffs did not provide any subpoena records to PayPal prior to the time PayPal was required to answer the Complaint. *Id.*, ¶ 4.

[2] Plaintiffs' counsel had served multiple rounds of deficient subpoenas in June 2015 and July 2015, which resulted in a substantial delay in Plaintiffs' receipt of the telephone records. *See* Winer Decl., ¶3.

[3] Plaintiffs' counsel received subpoena records for the 508-xxx-8239 number specified in the Complaint on or about July 29, 2015. However, due to what Plaintiffs' counsel described as an "oversight", Plaintiffs did not provide the records to PayPal's counsel until September 21, 2015. *See* Winer Decl., ¶5.

On November 20, 2015, PayPal issued its First Set of Interrogatories and Requests for Production of Documents to Plaintiffs, and noticed Plaintiffs' depositions for January 5, 2016 and January 7, 2016.  *See* Winer Decl., ¶6.  PayPal's discovery requests are narrowly-tailored and seek basic, highly relevant information at the heart of Plaintiffs' claims, such as the "full cellular telephone number[s] referred to in . . . the Complaint" and "the account number associated with all PayPal accounts that [Plaintiffs] control or have signed up for."  *Id.*  PayPal noticed the Plaintiffs' depositions for dates in early January with the objective of receiving written discovery responses and documents sufficiently in advance of the depositions, and completing all fact discovery before the mandated January 29, 2016 deadline.  Pursuant to Fed. R. Civ. P. Rules 33, 34 and 6(d), Plaintiffs' responses to PayPal's discovery requests were due on December 24, 2015.

On December 23, 2015, the day before Plaintiffs' responses to PayPal's discovery requests were due, Plaintiffs' counsel, for the first time, requested of PayPal's counsel a twenty-one day extension of time to respond to PayPal's discovery requests through January 13, 2016. *See* Winer Decl., ¶7.  PayPal's counsel declined Plaintiffs' counsel's request for an extension of time because Plaintiffs' counsel had more than sufficient time to consult with Plaintiffs and obtain the information in order to respond to PayPal's discovery requests.  Indeed, the Complaint was filed in February 2015, and – as noted above - PayPal's discovery requests were narrowly-tailored and directed to highly relevant information that Plaintiffs' counsel presumably gathered and relied upon in drafting the claims in the Complaint.  *Id.*  Moreover, it was imperative for PayPal to receive Plaintiffs' responses in preparation for the noticed depositions.  Accordingly, PayPal's counsel responded that it expected to receive Plaintiffs' responses to PayPal's discovery requests on December 24, 2015 (*see id.*), the date prescribed under Fed. R. Civ. P. Rules 33, 34

and 6(d).  On December 29, 2015, five days after the deadline for Plaintiffs to respond to PayPal's discovery requests, and without having provided any responses to PayPal, Plaintiffs filed this present motion.

## ARGUMENT

Pursuant to Fed. R. Civ. P. 6(b)(1)(B), this Court may, *for good cause*, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.  In their motion, Plaintiffs failed to advance *any* justifiable reason for their failure to provide PayPal with their discovery responses within the time prescribed under Fed. R. Civ. P. Rules 33, 34 and 6(d).  The basis stated in the motion, that Plaintiffs' counsel is working to respond to PayPal's discovery requests but requires additional time to confer with Plaintiffs on their responses, does not rise to the level of excusable neglect.  Nor does it even begin to explain why Plaintiffs are not in the position to provide basic information regarding claims filed more than ten months ago.  As stated above, Plaintiffs' counsel had more than sufficient time to consult with Plaintiffs and obtain the information in order to respond to PayPal's narrowly-tailored and highly relevant discovery requests.

PayPal is fully prepared to litigate this case within the timeframe prescribed by the Court.  On November 5, 2015, Plaintiffs issued their First Set of Interrogatories and Requests for Production of Documents to PayPal.  On December 10, 2015, PayPal timely served its responses to Plaintiffs' discovery requests.  *See* Winer Decl., ¶8.  On December 18, 2015, the Court entered the parties' stipulated protective order (Dkt. 25).  PayPal made an initial document production to Plaintiffs shortly thereafter, on December 23, 2015, and made a supplemental production to Plaintiffs on December 30, 2015.  *Id.*  PayPal has now substantially completed producing documents responsive to Plaintiffs' discovery requests.  *Id.*  However, Plaintiffs' failure to

answer PayPal's written discovery requests within the prescribed timeframe or to produce the requested documents is prejudicial to PayPal's ability to defend against Plaintiffs' claims.  The fact discovery deadline of January 29, 2016 is quickly approaching and PayPal needs time to review Plaintiffs' responses and prepare for Plaintiffs' depositions that still need to be taken within the deadline.

WHEREFORE, Defendant PayPal, Inc. respectfully requests that the Court deny Plaintiffs' Motion for an extension of time to respond to discovery, and enter an order requiring Plaintiffs to provide PayPal with substantive responses and responsive documentation to PayPal's discovery requests no later than January 6, 2016.[4]

Dated:  December 31, 2015                    Respectfully submitted,

*s/ Corey D. Winer*
Corey D. Winer (BBO #678410)
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, Massachusetts 02109
Ph:  (617) 223-0352
Fax:  (617) 223-0301
cwiner@sidley.com

---

[4] PayPal anticipates filing a related cross-motion seeking the entry of an order that Plaintiffs have waived any and all objections to Defendant's discovery requests due to Plaintiffs' failure to respond to PayPal's discovery requests within the prescribed time period, after the parties have had an opportunity to meet and confer regarding the cross-motion.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, December 31, 2015, I electronically filed the above Opposition to Plaintiffs' Motion for Extension of Time to Respond to Discovery using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*s/ Corey D. Winer*
Corey D. Winer