UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

TINA and ROBERT DELLABELLA,            )
                                       )
            Plaintiffs,               )
                                       )
vs.                                    )    Civil Action No. 1:15-cv-10453-RWZ
                                       )
PAYPAL, INC.; and DOES 1-10, inclusive,)
                                       )
            Defendants.               )
_____

## DECLARATION OF COREY D. WINER

I, Corey D. Winer, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney in the law firm of Sidley Austin LLP, licensed to practice law in the Commonwealth of Massachusetts, and I represent Defendant PayPal, Inc. ("PayPal") in the above-referenced action.

2. On February 19, 2015, Plaintiffs Tina and Robert Dellabella filed their Complaint against PayPal. On March 9, 2015, Plaintiffs served PayPal with the Complaint. PayPal filed several assented-to motions to extend the deadline to respond to the Complaint. The assented-to motions filed in April 2015 and May 2015 were filed in part, to allow the parties to confer further to determine whether a resolution of the action might be possible. The assented-to motion filed in June 2015 was filed to obtain clarity on the facts of the dispute and afford Plaintiffs the opportunity to subpoena and review records from their telephone service providers in order to determine whether there was a factual basis to support the allegations in the Complaint.

3. In June 2015, Plaintiffs' counsel issued subpoenas to Plaintiffs' telephone service providers to determine whether there was a factual basis to support the allegations in the Plaintiffs' Complaint.  On July 21, 2015, Plaintiffs' counsel sent an email to PayPal's counsel notifying PayPal's counsel that the June 2015 subpoenas issued by Plaintiffs' counsel to the Plaintiffs' telephone service providers were invalid due to an incorrect date range in the subpoenas.  On August 12, 2015, Plaintiffs' counsel sent an email to PayPal's counsel notifying PayPal's counsel that one of the July 2015 subpoenas issued by Plaintiffs' counsel to Plaintiffs' telephone service providers was invalid for being served on the wrong service provider.

4. On August 18, 2015, PayPal filed its Answer to the Complaint prior to receiving any subpoenaed telephone records from Plaintiffs.

5. On September 21, 2015 and October 2, 2015, Plaintiffs' counsel provided PayPal's counsel with the subpoenaed telephone records from Plaintiffs' telephone service providers.  The subpoenaed telephone records received by PayPal's counsel on September 21, 2015 were for the 508-xxx-8239 number specified in the Complaint, and indicate that they were provided to Plaintiffs' counsel on or about July 29, 2015.  Plaintiffs' counsel described the delay as an "oversight."  The subpoenaed telephone records provided to PayPal's counsel on September 21, 2015 and October 2, 2015, do not show "over five-hundred calls" by PayPal to Plaintiffs as alleged in the Complaint.

6. On November 20, 2015, PayPal issued its First Set of Interrogatories and Requests for Production of Documents to Plaintiffs, and noticed Plaintiffs' depositions for January 5, 2016 and January 7, 2016.  PayPal's discovery requests are narrowly-tailored and seek basic, highly relevant information.  For example, PayPal requested that Plaintiffs "[s]tate the full cellular telephone number[s] referred to in . . . the Complaint", "[s]tate the account

number associated with all PayPal accounts that [Plaintiffs] control or have signed up for", produce "[d]ocuments which are sufficient to show who the subscriber is for the telephone service associated with the telephone numbers which [Plaintiffs] allege in the Complaint belong to Plaintiffs", and produce "[d]ocuments which show the date on which [Plaintiffs] were first assigned the telephone numbers which [Plaintiffs] allege in the Complaint belong to Plaintiffs."

7.  On December 23, 2015, the day before Plaintiffs' responses to PayPal's discovery requests were due, Plaintiffs' counsel sent an email to PayPal's counsel requesting a twenty-one day extension of time to respond to PayPal's discovery requests through January 13, 2016.  On December 23, 2015, PayPal's counsel sent a reply email to Plaintiffs' counsel declining Plaintiffs' counsel's request for an extension of time because the Complaint was filed in February 2015 and PayPal's discovery requests are not onerous.  In that December 23, 2015 reply email, PayPal's counsel stated that it expected to receive Plaintiffs' responses to PayPal's discovery requests on December 24, 2015.

8.  On December 10, 2015, PayPal timely served its responses to Plaintiffs' discovery requests.  On December 23, 2015, PayPal made an initial document production to Plaintiffs.  On December 30, 2015, PayPal made a supplemental document production to Plaintiffs.  PayPal has now substantially completed producing documents responsive to Plaintiffs' discovery requests.

Executed this 31st day of December, 2015, Boston, Massachusetts.

*s/ Corey D. Winer*
Corey D. Winer